GAMMON *v.* HOLLOWAY-SMITH COMPANY *et al.*

Where an equitable petition for partition of lands was filed and process was issued and served upon the defendant, and where the petitioner also served upon the defendant a notice that the application for the partition of the lands would be heard on a day named in the notice, showing that the petition would be treated as an application for the partition of lands under the provisions of the statute in such cases made and provided, and the defendant failed to appear or to show cause why the application should not be granted, she could not thereafter have the order for partition revoked and set aside, by motion addressed to the court, based upon the ground that the

court did not have jurisdiction to entertain the equitable petition at the time, and could not, without consent of the parties, dispose of it until the second term of the court. For, while the petition for partition was in form a regular equitable ·petition, it contained all of the essential allegations of an application for partition under the proceedings provided in the statute; and if there was any reason why it should not be disposed of in accordance with the practice in statutory proceedings for partition of lands, the defendant should have appeared and make objection thereto at the time and place stated in the notice served upon her.

No. 1733. MAY 15, 1920.

Motion to set aside judgment. Before Judge Irwin. Polk superior court. November 1, 1919.

*Edwards & Edwards,* for plaintiff in error.

*John K. Davis, E. S. Ault,* and *Mundy & Watkins,* contra.

BECK, P. J. On August 2, 1919, Holloway-Smith Company, a corporation, alleging that it was the owner of a specified interest, and was a tenant in common with Miss Susie Gammon and others, filed its equitable petition for the partition of certain lands, to the regular August term of Polk superior court. This petition contained allegations showing the necessity for an equitable partition of the lands in question. The prayers of the petition were, that Miss Susie Gammon, who owned a one-third undivided interest in the property, and others be made parties defendant to this case and be required to set up any title or interest that they may have or claim in the property, and that the property be sold for division; that in the event the court should determine that there could not be an equitable partition of the property by metes and bounds, a receiver be appointed with authority to sell the property and divide the proceeds among the common owners; that a guardian ad litem be appointed for the minor heirs. There was also a prayer for process and that service upon the non-resident parties be perfected by publication as provided by law. Process was duly issued, and an order was regularly granted that service be perfected upon the non-residents by publication.

On October 4, 1919, the court granted an order in which it was recited that the property described could not be divided by metes and bounds, and that the only way a division could be had was by a sale for the purpose of division, as prayed; and the court appointed certain named freeholders of the county, directing them to sell the property in described parcels, receiving separate bids for

each parcel, and that they then offer the entire property, and if the offer for the entire property exceeded the aggregate amount offered for the parcels, then the bid for the entire property should be accepted. The order further authorized the commissioners to execute deeds upon the payment of the amount of the bid, and provided for the making of reports to the court by the commissioners of their acts and doings. On October 29, 1919, Miss Susie Gammon presented her petition against Holloway-Smith Company, Mrs. Cornelius, and other tenants in common interested in the property, who were parties defendant to the petition filed by the Holloway-Smith Company, praying that the judge revoke the former order granted on October 4, authorizing the sale by the commissioners of the property. At the hearing of this petition, on November 1, 1919, the revocation prayed for was refused. To this judgment Miss Susie Gammon excepted. She says that the refusal was erroneous, because the order of October 4 was prematurely granted, for the reason that the appearance term to which said case was returnable had not finally adjourned when said order was passed, and the right of petitioner to file a defense to said case still existed at that time; that the order was prematurely granted, for the reason that the trial term of the case was the second term after the filing of the case, to wit, the February term, 1920, and without consent of all parties the same was not ripe for trial on October 4, 1919, and she never gave her consent for the trial of the case during the first term, in term time or at chambers, nor had the other defendants given their consent.

The court did not err in overruling the petition to revoke the order for the sale of the property, granted on October 4, 1919. While the petition of Holloway-Smith Company for the equitable partition of the land in question was in form a regular equitable petition and contained all the requisites of such a petition showing grounds for the division of the property as prayed, it contained also all of the essential allegations of an application for the partition of land under the provisions of the statute in such cases made and provided. There was personally served on Miss Susie Gammon, as prescribed by the statute, a notice of the application, and notice of the time of hearing, calling upon her to show cause why the application should not be granted. While the service of process upon the equitable petition of Holloway-Smith Company and

the service of the notice issued upon tne application to partition may have been somewhat confusing, nevertheless she had notice, plain and unmistakable, on October 4, 1919, that the application to partition the lands would be taken up and considered by the court, and she was called upon in that notice to show cause why the application should not be granted. She could have appeared and objected to the application being treated as a petition at law, and have insisted that it was purely an equitable petition and could only be disposed of in term time. The petitioner could then have stricken from his petition such parts as were redundant, considered as a statutory application for partition, and the application could then have been heard and disposed of, unless cause for continuance was shown. But she failed to appear, and the judge was authorized to find that her failure to appear was without legal excuse, and to hold that the order granted on October 4th was a valid order and should stand.

*Judgment affirmed. All the Justices concur.*